**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Michael A. MOLINARO and George Hawley, Jr., Defendants.**

**No. 70–CR–135.**

United States District Court,
E. D. Wisconsin.

Nov. 20, 1972.

D. Jeffrey Hirschberg, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Jay Schwartz, Racine, Wis., for defendants.

## OPINION AND ORDER

REYNOLDS, Chief Judge.

On September 1, 1970, defendants Michael A. Molinaro and George Hawley, Jr., were indicted for wilfully, knowingly and fraudulently receiving and possessing hashish and marihuana illegally imported into the United States, in violation of Section 176a, Title 21, United States Code of Laws. The facts of the case are briefly as follows. Two packages being sent from Jamaica to defendant Molinaro in Kenosha, Wisconsin, were opened by a customs inspector in Miami, Florida, and discovered to contain marihuana and hashish. The packages were sent on to special agents in Chicago. These agents conveyed the packages to Milwaukee, opened them, tested and weighed the alleged contraband, replaced part of the contents, resealed the packages and took them to the Eastern Airlines cargo area of Mitchell Field to await the arrival of the consignee, Molinaro. On the day of the arrests, defendants Hawley and Molinaro arrived at Mitchell Field by automobile. Molinaro entered the Eastern cargo area then returned to the vehicle. The car was then driven about the airport and defendant Hawley departed near the

294

Customs Inspector's office. Defendant Molinaro then returned to the Eastern cargo area, claimed the two packages, placed them in the car, picked up Hawley who was walking to the parking area and left the airport. They were arrested on a public street shortly thereafter and the packages were seized. The matter is before the court now on defendant's motion to suppress all evidence obtained by virtue of the searches of the packages prior to the arrests and to suppress evidence obtained by the seizure of the packages after the arrests and any and all evidence derived from such searches, seizures and arrests.

After reviewing the record, stipulated facts and briefs, the court feels that the government's agents had probable cause to believe that the defendants were engaged in illegal activity at the time of their arrests. Further, that they were justified under these circumstances to make the arrests without seeking warrants. Finally, the evidence seized pursuant to the arrest was legally taken and may be introduced into evidence at trial.

It is therefore ordered that defendants' motion to suppress be and it hereby is denied.